IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ERIN MCDONALD,<br><br>   Plaintiff,<br><br> v.<br><br>ITERABLE, INC.,<br><br>   Defendant. | Case No. 1:23-cv-14177<br><br>Honorable Sara L. Ellis<br>Magistrate Judge M. David Weisman |

### DEFENDANT'S UNOPPOSED MOTION
### TO COMPEL ARBITRATION AND JOINT MOTION TO STAY PENDING ARBITRATION

Plaintiff Erin McDonald brings claims in this Court against Defendant Iterable, Inc. ("Iterable") arising out of her employment as an Account Executive from January 2020 to February 2023. Plaintiff brings claims for sex discrimination and retaliation for engaging in protected activity under Title VI of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq.*, the Pregnancy Discrimination Act of 1978, 42 U.S.C. §2000(k), and the Illinois Human Rights Act, 775 ILCS 5/101, *et seq*. Plaintiff, however, entered into an arbitration agreement under which she agreed that any claim she wished to initiate against Iterable arising out of her employment will be resolved by binding arbitration. Iterable hereby moves to compel Plaintiff's compliance with that agreement. Counsel for Iterable conferred with Counsel for Plaintiff, who confirmed on November 15, 2023, that Plaintiff does not oppose the relief sought in this Motion and joins in Iterable's request to stay the instant case pending the outcome of arbitration.

### BACKGROUND

Iterable employed Plaintiff as a sales Account Executive from January 2020 to February 2023. (Compl., ECF No. 1, ¶¶ 8, 44.) Plaintiff seeks to adjudicate claims arising from her

employment with Iterable. Specifically, Plaintiff alleges that she was placed on a performance improvement plan because of her sex, pregnancy, and in retaliation for engaging in protected activity. (*Id.*, Counts I-IV.)

When Plaintiff was hired by Iterable and as part of her onboarding process, on January 3, 2020, Plaintiff electronically signed an Arbitration Agreement in which she agreed to submit any claim arising out her employment with Iterable to binding arbitration before an arbitrator. (**Exhibit A, Arbitration Agreement.**) The Arbitration Agreement states:

> If you and Iterable, Inc., or any of its successors, predecessors, or related entities (collectively, the "Company") have a legal dispute regarding your employment that cannot be resolved by mutual discussion between us, we each agree to resolve that dispute through binding arbitration before an arbitrator experienced in employment law regardless of when the dispute arises. . .
>
> This agreement to arbitrate includes any disputes that the Company may have against you and any disputes that you may have against the Company or any of its employees, supervisors, managers or agents, arising out of or relating to your employment, or application for employment including but not limited to (1) any claims of discrimination, harassment or retaliation, (2) violation of any federal, state or local law, (3) any claims relating to your wages, compensation, training, or terms and conditions of employment, and (4) any claims relating to the termination of your employment. **The arbitration shall be the exclusive and binding remedy for any such dispute and shall be used instead of any court action (including jury trial), which is hereby expressly waived. . .**
>
> All questions and disputes regarding arbitrability shall be determined in accordance with the Federal Arbitration Act, 9 U.S.C. Sections 1-16, and the arbitrator shall have exclusive authority to resolve any dispute relating to the interpretation, applicability, enforceability, or formation of this agreement including, but not limited to, any claim that all or any part of this agreement is void or voidable.

(Ex. A, emphasis added.) By executing the Arbitration Agreement, Plaintiff agreed to arbitrate all disputes arising out of or related to her relationship with Iterable, including those encompassed in the underlying Complaint. Plaintiff is therefore prohibited from resolving such claims in this Court save for judgment on any award rendered by an arbitrator. Plaintiff does not

-2-

306113307v.2

oppose the relief requested in this Motion and jointly requests the Court stay this case pending completion of arbitration.

## ARGUMENT

Plaintiff voluntarily signed an enforceable Arbitration Agreement. Because binding precedent recognizes the strong policy in favor of arbitration, particularly in the employment context, Plaintiff should submit her claims to arbitration pursuant to the Arbitration Agreement, and Plaintiff agrees to proceed with arbitration accordingly.

The Supreme Court has consistently reiterated that the Federal Arbitration Act ("FAA") expounds a strong policy in favor of upholding arbitration provisions and requires courts to enforce agreements to arbitrate according to their terms. *See Compucredit Corp. v. Greenwood*, 132 S. Ct. 665, 668-69 (2012). As a natural corollary of this principle, "a court may not deny a party's request to arbitrate an issue unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *See Gore v. Alltel Commc'ns, LLC*, 666 F.3d 1027, 1032 (7th Cir. 2012); *see also, e.g.,* 9 U.S.C. § 4 (courts may compel arbitration upon refusal to comply with an arbitration agreement).

The FAA requires courts to compel adherence to arbitration provisions "in accordance with the terms of the agreement" upon the motion of either party to the agreement, consistent with the principle that arbitration is a matter of contract. 9 U.S.C. § 4; *see also Wallace v. Grubhub Holdings, Inc.*, 970 F.3d 798, 800 (7th Cir. 2020) ("[i]n pursuit of [its] goal, the FAA sweeps broadly, requiring courts rigorously to enforce arbitration agreements according to their terms") (internal quotation omitted). In determining whether to grant motions to compel arbitrations under the FAA, there are three "gateway" requirements that must be evaluated: [1] whether there is a valid agreement to arbitrate between the parties, [2] whether the agreement

covers the dispute, and [3] whether a party has refused to arbitrate. *See Zurich Am. Ins. Co. v. Watts Indus., Inc.*, 417 F.3d 682, 687 (7th Cir. 2005); *see also PacifiCare Health Sys., Inc. v. Book*, 538 U.S. 401, 407 n.2 (2003); *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 83-84 (2002). Where these requirements are satisfied, the FAA "leaves no place for the exercise of discretion by a district court, but instead mandates that district courts **shall** direct the parties to proceed to arbitration." *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985) (emphasis in original); *see also* 9 U.S.C. § 4 ("upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement"). Here, the first two requirements are satisfied and Plaintiff does not oppose this Motion.

Plaintiff indisputably entered into a valid arbitration agreement with Iterable. Courts generally apply ordinary state law principles that govern contract formation when determining whether a valid agreement to arbitrate exists. *See Hawkins v. Aid Ass'n for Lutherans*, 338 F.3d 801, 806 (7th Cir. 2003). Under Illinois law, contracts—including those containing arbitration provisions—are enforceable where there is an offer, acceptance and consideration. *See Melena v. Anheuser-Busch, Inc.*, 219 Ill.2d 135, 151 (2006).

For example, in *Melena*, the Illinois Supreme Court found all ingredients necessary for a contract existed where defendant-employer mailed plaintiff materials regarding their arbitration programs, which consisted of an offer, and plaintiff continued her employment after receiving notice of the program, which provided both her acceptance and consideration. *Id*. at 152; *see also Janiga v. Questar Capital Corp.*, 615 F.3d 735, 743 (7th Cir. 2010) (reversing denial of motion to compel arbitration where plaintiff's signature "objectively demonstrated his assent to the contract.").

Plaintiff's Arbitration Agreement satisfies all elements of a valid and enforceable contract. Iterable provided an Arbitration Agreement as part of Plaintiff's onboarding package, which constitutes a valid offer. Plaintiff accepted this offer by signing the agreement and her continued employment thereafter constituted adequate consideration. Plaintiff thus entered into a valid and enforceable arbitration agreement.

Plaintiff's claims collectively fall within the scope of the Arbitration Agreement. The Agreement states, for "any disputes that you may have against the Company…" arbitration "**shall be the exclusive and binding remedy for any such dispute and shall be used instead of any court action (including jury trial), which is hereby expressly waived.**" (Ex. A, emphasis added); *see also* 9 U.S.C. § 4 (requiring courts to enforce arbitration provisions "in accordance with the terms of the agreement" upon the motion of a party to the agreement). Accordingly, this lawsuit—which involves a claim between Plaintiff and Iterable about whether Plaintiff was subjected to discriminatory and/or retaliatory conduct during her employment with Iterable—falls squarely within the scope of the parties' Agreement. Accordingly, Plaintiff should be compelled to arbitrate her claims, which she does not oppose.

## CONCLUSION

In light of foregoing unopposed Motion, Iterable, Inc. requests that the Court enter an Order compelling this case to arbitration and the Parties jointly request the Court enter a stay of this case until Plaintiff's claims have been arbitrated per the parties' Agreement., 9 U.S.C. §§ 3, 4; *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 344 (2011).


DATED:  November 17, 2023          Respectfully submitted,

                                   SEYFARTH SHAW LLP

-6-

By: /s/ Kyle A. Petersen
    One of Its Attorneys

Kyle A. Petersen (kpetersen@seyfarth.com)
Ala Salameh (asalameh@seyfarth.com)
SEYFARTH SHAW LLP
233 South Wacker Drive; Suite 8000
Chicago, Illinois 60606
Telephone: (312) 460-5000
Facsimile: (312) 460-7000

***Attorneys for Defendant Iterable, Inc.***

306113307v.2

-7-

## CERTIFICATE OF SERVICE

I, Kyle A. Petersen, an attorney, do hereby certify that I have caused a true and correct copy of the foregoing **DEFENDANT ITERABLE, INC'S UNOPPOSED MOTION TO COMPEL ARBITRATION AND JOINT MOTION TO STAY** to be served upon counsel of record via the Court's electronic filing system on this 17th day of November 2023:

Justin DeLuca
Ellis Legal, P.C.
200 W. Madison St., Suite 2670
Chicago, IL 60606
(312) 878-6130
jdeluca@ellislegal.com

/s/ Kyle A. Petersen

306113307v.2